ADAM WANG, (SBN 201233)
(adamqwang@gmail.com)
LAW OFFICES OF ADAM WANG
12 S. First Street, Suite 708
San Jose, CA  95113
Telephone:  (408) 421-3403
Facsimile:   (408) 416-0248

Attorneys for Plaintiff CHEN MA and the Putative Class

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| CHEN MA, on behalf of herself and all others similarly situated,<br><br>         Plaintiffs,<br><br>    vs.<br><br>APPLE INC., a California corporation; DOES 1 to 10, inclusive,<br><br>         Defendants. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL:**<br><br>COMMON LAW TORT FOR INVASION OF PRIVACY<br><br>**DEMAND FOR JURY TRIAL** |

# NATURE OF CLAIM

1. Plaintiff Chen Ma (hereinafter referred to as "Plaintiff") brings this action on behalf of herself and a proposed class of similarly situated individuals against Defendant Apple Inc. (hereinafter referred to as "Apple"), for their damages arising out of Apple's blunt violation of iPhone users privacy.

2. Apple is a California corporation headquartered in Cupertino California. Apple is the manufacturer of iPhon 4S, iPhone 5, iPhone 5C and iPhone 5S (hereinafter collectively referred to as "iPhones"). According to information and belief, these phones were sold to hundreds of millions, if not billions, of users around the globe.

3. In or around September 2012, Apple released iPhone 4 which contains an iOS operating system software that enables iPhone 4 to track its users' whereabouts down to every minute, record the duration that users stay at any given geographical point, and periodically transmit these data stored on the users' devices to Apple's data base for future references. This function is hereinafter referred to as "Location Service."

4. According to information belief, the succeeding iPhone 4S, iPhone 5, iPhone 5C and iPhone 5S continue to provide such Location Service.

5. Plaintiff alleges that while using her iPhones, including her current iPone 5S, she was not given notice that her daily whereabouts would be tracked, recorded, and transmitted to Apple database to be stored for future reference. She was not asked for and thus has not given her consent, approval and permission nor was she even made aware that her detailed daily whereabouts would be tracked, recorded and transmitted to Apple database.

6. On or about July 11, 2014, China's Central Television (CCTV) announced its investigation into iPhones' Location Service, revealing for the first time that her iPhone 5S tracks and records her daily whereabouts without her knowledge, and Apple has been surreptitiously acquiring the data of her daily whereabouts down to every minutes without her knowledge, consent approval and permission.

7. According to information and belief, iPhone users are not given any meaningful choice enabling them to turn off the Location Service without substantially compromising significant

number of functionalities of iPhones.

8. According to the CCTV, and Plaintiff alleges thereupon, in response to inquiries by CCTV respondent, Apple only stressed that it will not disclose to any third party the data concerning iPhone consumers' detailed daily whereabouts, but did not deny that these iPhones are indeed transmitting such highly sensitive and private consumers data to its database to be stored for future reference.

9. Plaintiff alleges that through the conduct alleged above, Apple has intentionally intruded on and into Plaintiff and each respective putative class member's solitude, seclusion or private affairs, and such intrusion is highly offensive to a reasonable person.

10. According to belief and information, Plaintiff further alleges that Apple has released and disclosed the above described private information of iPhone users to third parties, including but not limited to US government who, according to information, has made more than 1,000 information requests to Apple.

11. At this point, Plaintiff is not aware of any details of any procedure, if any, that has been used by Apple in responding to US government's information requests. Based thereon, Plaintiff alleges that the disclosure and release of iPhone users' highly sensitive and private information has not been for a legitimate public concern.

12. Plaintiff alleges that Apple's disclosure and release of such highly private information is extremely offensive and objectionable to an reasonable person.

13. Plaintiff brings this lawsuit as a class action under Rules 23(a), 23(b)(1), 23(b)(2) and/or 23(b)(3) of the Federal Rules of Civil Procedure on behalf of a class of similarly situated persons consisting of all persons who have purchased any iPhone device manufactured by Apple during the period from September 1, 2012 to the present.

14. The members of the Class, who are ascertainable from Apple's records, are so numerous that joinder of all members is impracticable. The Class is likely to exceed 100 million members from reported iPhone device sales figures.

15. Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class purchased one or more identified Apple iPhone device and have sustained

damages arising out of Apple's conduct in having their highly sensitive and private information tracked, recorded and transmitted to Apple database without their knowledge, consent, approval and permission, and have their private information subject to the publication.

16. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members. Questions of law and fact common to the Class include:

(1) Whether identified iPhone devises track, record, and transmit users' daily whereabouts?

(2) Whether consumers were given a notice about the Location Service that is included in the identified iPhone devices?

(3) Whether consumers can choose to turn off the Location Service without substantially compromising a significant number of functionalities of a devise?

(4) Whether Apple has sought and obtained consent, approval and permission to transmit the consumer data generated by the Location Service to Apple database?

(5) Whether Apple has sought and obtained consent, approval and permission to store consumers' data generated by the Location Service in Apple database?

(6) Whether acquisition of such highly sensitive and highly private consumer data without the consent, approval and permission of the consumer violated tight of privacy?

(7) Whether Apple should be ordered to destroy such consumer data obtained without consent, approval and permission of customers?

(8) Whether Apple has published the said consumer data for no public concerns?

(9) Should Apple be allowed to continue possessing the highly sensitive and highly private consumer data generated by Location Service and transmitted to Apple database without user consent, approval and permission, what procedure Apple should put in place to safeguard such information from disclosure to any third person?

(10) What is the proper measure and amount of damages, if any, that is available to the Class?

(11) Should the Court award Plaintiff and the Class punitive damages under California Civil Code §3294?

17. Plaintiff will fairly and adequately represent the interests of the Class and has no

interests adverse to or in conflict with other class members. Plaintiff's retained counsel will vigorously prosecute this case, have previously been designated class counsel on cases in this judicial district, and are highly experienced in class and complex, multi-party litigation matters.

18. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because, among other things, joinder of all class members is impracticable and a class action will reduce the risk of inconsistent adjudications or repeated litigation on the same conduct. Further, the expense and burden of individual lawsuits would make it virtually impossible for class members, Apple, or the Court to cost effectively redress separately the unlawful conduct alleged. Thus, absent a class action, Apple would unjustly retain the benefits of its wrongdoings. Plaintiff knows of no difficulties to be encountered in the management of this action that would preclude its maintenance as a class action, either with or without sub-classes.

19. The State of California has sufficient state interest through a significant contact or aggregation of contacts to the claims asserted by each member of the Class so that the choice of California law is not arbitrary or unfair.

20. Adequate notice can be given to Class members directly using information maintained in Apple's records, or through notice by publication.

21. Accordingly, class certification is appropriate under Rule 23.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for relief on behalf of herself and the Class against Apple as follows:

1. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 and appointment of Plaintiff and Plaintiff's counsel to represent the Class;

2. Permanent injunctive relief prohibiting Apple from continuing acquiring highly sensitive and highly private consumer data generated by Location Service without giving consumer a meaningful notice and without first obtaining an explicit consent, approval, permission before transmitting such data out of the consumer device

3. Compensatory damages to adequately address injuries suffered by Plaintiff and the Class arising out of the conduct of Defendant;

4. Punitive damages against Defendant pursuant to California Civil Code §3294;

5. Award of reasonable attorney's fees and costs

6. Such other and further relief as the Court may deem appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of each and every cause of action so triable.

Dated:  July 24, 2014                    LAW OFFICES OF ADAM WANG

By: _____
    Adam Wang
    Attorneys for Plaintiff and the Putative Class

5

COMPLAINT; CASE NO.